■ STEVEN RAYMOND et al., Respondents, v GLABMAN, RUBENSTEIN & REINGOLD, Appellant. [691 NYS2d 361] —In an action to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated June 15, 1998, as denied its motion pursuant to CPLR 3126, *inter alia,* to strike the complaint based on the plaintiffs' failure to comply with a discovery demand.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs brought this action to recover damages for legal malpractice based upon the defendant's representation of the plaintiffs in an underlying action to recover damages for medical malpractice and wrongful death. The underlying action was dismissed due to the plaintiffs' failure to establish a reasonable excuse for noncompliance with a conditional order of preclusion.

In this action, the defendant demanded discovery of an X-ray taken of the plaintiffs' decedent on July 20, 1984. When the plaintiffs were unable to produce the X-ray, the defendant moved pursuant to CPLR 3126, *inter alia*, to strike the complaint. Contrary to the defendant's contention, the Supreme Court properly denied the motion. There is no indication that the plaintiffs or their present counsel ever possessed the subject X-ray or that their inability to produce it was the result of willful, deliberate, or contumacious conduct. Moreover, the defendant did not deny that it had possessed various relevant X-rays, including, presumably, the subject X-ray, pursuant to its representation of the plaintiffs in the underlying action. Rather, the defendant asserted that it had returned the X-ray to the Long Island Jewish-Hillside Medical Center (hereinafter the LIJHMC), a defendant in the underlying action. However, there is no indication in the record that the defendant returned the X-ray to LIJHMC. In any event, the defendant made no timely effort in this action to obtain the X-ray from the LIJHMC, although the plaintiff had provided an authorization for the release of the X-ray in 1996 (*see, Bruno v Willets Point Contr. Corp.*, 210 AD2d 369). Santucci, J. P., Florio, Feuerstein and Schmidt, JJ., concur.